JOHN L. BUTLER *et al.* v. THE BOARD OF COMMISSIONERS
OF MORRIS COUNTY.

PUBLIC ROAD, *Opened; Too Late to Revoke Waiver of Damages.* It is too
   late, for a non-resident owner of land through which a public road
   has been located and ordered opened, and who appeared before the
   board of county commissioners and agreed with them that if they
   would reconsider their action, and locate only a part of the road, and
   reject a portion, he would waive all damages occasioned by the loca-
   tion, and the board assented to his proposition and reconsidered
   their action, and located only the part agreed upon, to urge upon an
   appeal that the waiver was by parol, and not binding upon him.

*Error from Morris District Court.*

ACTION by plaintiffs *Butler* and another against the *County*,
to recover damages resulting from the opening of a public road
through their land.    Judgment for the defendant, at the No-
vember term, 1886.    The plaintiff brings the case here.    The
material facts appear in the opinion.

*J. Jay Buck*, for plaintiffs in error.

*J. K. Owens*, county attorney, for defendant in error; *Mil-
ler & Ritchie*, and *D. H. Brown*, of counsel.

Opinion by SIMPSON, C.: This is an appeal from the deci-
sion of the board of commissioners of Morris county to the dis-
trict court of that county for not awarding to plaintiffs in error
damages arising from the location and opening of a public road
through their land.    The district court impaneled a jury and
tried the cause, the trial resulting in a verdict and judgment in
favor of the county.    The errors assigned here, and urged by
counsel, are the admission of improper evidence; the rejection
of proper evidence; a refusal to give certain instructions asked
for by the plaintiffs in error; instructions given that were ex-
cepted to by plaintiffs in error; and in overruling a motion
for a new trial.

On the 8th day of October, 1884, a petition in due form
was presented to the board of county commissioners, asking

for the location of a public road, beginning at the northeast corner of the southwest quarter of section 25, township 17, range 9 east, thence east one mile, as near as practicable on the half-section line between Morris and Lyon counties. Also commencing at the southeast corner of the southwest quarter of the northeast quarter of said section, thence north on the quarter-section line, or as near thereto as is practicable, one-half mile, thence east on section line between sections 24 and 25, to the county line. The plaintiffs in error jointly own the northeast quarter on section 25, except twenty acres in the northeast corner of the quarter-section, and a mill-site of nine acres near the center of the quarter-section. The road as petitioned for was located along the south line of the quarter-section and through the center, passing by the mill, and then along the north line to the county road on the east line of the quarter-section. Neither of the plaintiffs in error signed the petition for the location of the road. No service of notice was made on either of them, they being non-residents of the county. A proper bond was given, viewers were appointed, who reported recommending that the prayer of the petition be granted and the road located. At the April session of the board in 1885, the report of the viewers was adopted and the road ordered opened. On the 17th day of April, 1885, Butler, one of the plaintiffs in error, appeared before the board and requested it to go with him and examine for itself as to the public utility of a part of the road. He urged that all that part of the road running north from the mill and thence east along the north line of the quarter-section, was of no public use, and if opened would greatly damage the property of the plaintiffs in error. He then expressly agreed that if the board would reconsider their action in adopting the report, and then amend the order so that the portion of the road north and east of Wright's mill should not be located and opened, he would be satisfied, and would not claim any damages for that portion of the road along the south line and north to the mill. The board went with him to view the proposed road, and finally assented to his proposition, reconsidering its

27—42 KAS.

action, and excluded that portion of the road north and east of Wright's mill, and adopted the report as to the remainder and ordered the road opened. This reconsidered order was made on the 9th day of July, 1885. This agreement by Butler is fairly established by the evidence. While he denies it, his evidence is overborne by the positive statements of the three members of the board, and by the attending circumstances.

On this state of facts the jury returned a general verdict for the county, without special findings; but the controlling question is, and probably was, as to the validity of the agreement made by Butler. The board of county commissioners acted on this agreement, and made its order locating and opening the road in accordance with its condition, and this was the consideration that the plaintiffs in error received for the waiver of damages. It is now contended that the plaintiffs in error could not waive their damages by parol. Their attitude with respect to this question is such that gross injustice would be done if their contention should be sustained. They have reaped the benefits of the agreement, and it would be palpable injustice to permit them to now repudiate it. It is useless to discuss the abstract question as to whether or not damages occasioned by the location of a public highway through land can be waived by parol by the owner. There is safe ground beyond that question, upon which our decision can securely rest. The agreement has been fully executed on the part of the board of county commissioners. All the benefits that the plaintiffs in error expected from the agreement have accrued to them, and now they will not be heard to say that the agreement is not valid because not in writing. This agreement is a complete bar to any action for damages that could be instituted by the plaintiffs in error. There can be no question of jurisdiction in view of the facts, and all other errors complained of are immaterial, as damages were expressly waived, and the sole object of this action is to recover for them.

We recommend the affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.